## United States Health & Accident Insurance Company v. Frank Phelan.

### Gen. No. 4.805.

VERDICT—*when not disturbed.* A verdict in the absence of error of law, which is not manifestly against the weight of the evidence, will not be disturbed on review.

Assumpsit. Appeal from the County Court of Peoria county; the Hon. WILBERT I. SLEMMONS, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 6, 1907.

WOLFENBARGER & MAY, for appellant; R. PERRY SHORTS, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

On the first day of July, 1904, appellant issued a policy to Frank Phelan, appellee, insuring him against accident and illness during the life of the policy. Clause "F" of the policy provided for the payment of $35 per month, or at that rate for any proportionate part thereof, for the number of consecutive days after the first week that the party is necessarily and continuously confined to the house and regularly visited in the house by a legally qualified physician, by reason of illness that is contracted and begins after this policy has been maintained in continuous force for thirty consecutive days, and one-fifth of the indemnity per month, if during the convalescence of the

said assured by reason of such illness he shall be wholly and continuously disabled from the performance of his duties pertaining to any business or occupation, though not confined to the house.

On the twenty-sixth day of December, 1904, appellee was taken sick with gastritis and was unable to work from that time until April 24th. He had a physician visit him at his house, and some days went to the doctor's office, until January 16th, when by the advice of his physician he went to Louisiana, where he was attended by a physician until his return about March 10th. On April 29th appellant's district manager at Peoria sent a check to appellee for $24.50 drawn at Saginaw, Michigan, and signed by appellant's treasurer. A letter from the agent accompanying the check said that the check was for appellee's recent illness covering 105 days' partial disability, and calling his attention to the fact that for the time he was not confined to the house he was only entitled to one-fifth of the full money. This check was returned to appellant by appellee's attorneys and afterward sent back to them by appellant.

Appellee brought suit in assumpsit on the policy against appellant before a justice of the peace in Peoria county, recovering a verdict and judgment of $137.50, from which appellant appealed to the County Court of said county, where a trial was had, resulting in a verdict of $131.83 for appellee. To the question asked by appellant, "How many days was Frank Phelan necessarily and continuously confined to the house?" the jury answered "120." The court ordered a *remittitur* of $98.33, overruled a motion for a new trial and entered judgment for $33.50 from which this appeal is taken.

The evidence shows unquestionably that appellee was ill and not able to work, that he was constantly attended by a physician, that when he came back from Louisiana he was emaciated. Dr. Parker, a physician of Peoria, testified that he attended him two weeks and

that he visited him at his house three different times before he went to Louisiana, and that appellee came to his office; that he sent him medicine while he was gone and treated him after his return, and that he was confined to the house necessarily and continuously, three or four weeks. Appellee testified that he was confined to the house continuously for two weeks, and the jury found that he was confined to the house necessarily and continuously 120 days. For the days he was confined to the house necessarily and continuously he was entitled, under the terms of his policy, to something over $1 per day, and for the remainder of the time at the rate of one-fifth of $35 per month.

Under the construction of the policy insisted upon by appellant, this verdict can be sustained, the only question being as to the amount he can recover. Appellant admitted he was entitled to $24.50 and two juries have found him entitled to much more. The trial court who heard the evidence and construed the contract, entered judgment for $33.50. From the amount tendered appellee by appellant and the judgment entered, it will be seen that the sum involved in this appeal is only $9.

An examination of the record under appellant's assignment of errors, disclosing no serious error of law, we concur with the trial court, and the judgment is affirmed.

*Affirmed.*